Snyder v. Eno, et al.                    CV-92-287-M    08/26/98
                      UNITED STATES DISTRICT COURT

                        DISTRICT OF NEW HAMPSHIRE


Jennifer Snyder,

        Plaintiff

        v.                                        Civil No. 92-287-M

Michael Eno, Brian Erskine, Brian Adams,
Mascoma Valley Regional School District,
SAU #62, SAU #32, David Miller, John Carr,
Daniel Whitaker, William Bellion,
Terri Pelletier, Richard Bresset,
and Patricia Rocke,

        Defendants


                            O R D E R


        Plaintiff filed this action seeking damages under 42 U.S.C.

§ 1983, Title IX of the 1972 Educational Amendments, and New

Hampshire common law, claiming that she had been physically and

emotionally abused by her former teachers.  In her papers,

plaintiff identified three categories of defendants: the first

included the teachers/coaches who allegedly assaulted and

tormented her; the second included those other faculty members

who were allegedly aware of the abuse, but failed to act; and the

third included the school district itself and its administrators.

The factual and procedural background to this action are

discussed in detail in the court's prior rulings and need not be

recited again.  See Snyder v. Eno, No. 92-287-M, slip op. (D.N.H.

March 26, 1998); Snyder v. Eno, No. 92-287-M, slip op. (D.N.H.

Sept. 30, 1997).  Presently pending before the court are

plaintiff's motion to reconsider the court's order dated March 26, 1998 and defendant Eno's motion for reconsideration and/or clarification of that same order.

I.   Plaintiff's Motion to Reconsider.

The court previously dismissed, as barred by the statute of limitations, plaintiff's claims as to the non-abusing faculty members, the school administrators, and the institutional defendants.  It conditionally dismissed plaintiff's claims against Eno and Adams, but afforded plaintiff the opportunity to submit a motion for reconsideration in which she fully developed her claim that Eno and Adams were equitably estopped to assert the statute of limitations as an affirmative defense.  After all parties had submitted memoranda on the issue, the court concluded that Eno and Adams were equitably estopped to assert the statute of limitations and granted plaintiff's motion to reinstate her complaint with regard to those two defendants.  Plaintiff's request that the court reinstate her complaint with regard to all other defendants was, however, denied.

In her motion to reconsider, plaintiff asserts that the court erred in refusing to reinstate her complaint against the institutional defendants.  She frames the issue presently before the court as follows:

> whether defendants MVRSD, SAU #32 and SAU #62 are
> entitled to the protection of the statute of
> limitations on a strict liability claim when the

2

> actors, for whose unlawful abuse they are strictly liable, are estopped from asserting the statute of limitations as an affirmative defense.

Plaintiff's memorandum (document no. 255) at 2. Plaintiff then goes on to assert that, "When quid pro quo harassment occurs educational institutions are strictly liable [under Title IX] for damages resulting therefrom." Id.

Plaintiff's interpretation of the governing law is, however, incorrect. As the Supreme Court recently held:

> a damages remedy will not lie under Title IX unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of the discrimination in the recipient's programs and fails adequately to respond.
>
> We think, moreover, that the response must amount to deliberate indifference to discrimination. . . . Under a lower standard, there would be a risk that the recipient would be liable in damages not for its own official decision but instead for its employees' independent actions.

Gebser v. Lago Vista Indep. School Dist., 118 U.S. 1989, 1999 (1998) (emphasis supplied). Notwithstanding plaintiff's assertions to the contrary, it is clear that the institutional and "non-abusing" defendants are not strictly liable under Title IX for the alleged misconduct of Eno and Adams. It is equally well established that, under 42 U.S.C. § 1983, the institutional and non-abusing defendants are not "strictly liable" (under a respondeat superior theory of liability) for the conduct of Eno and Adams. See, e.g., Monell v. Dept. of Social Services, 436

3

U.S. 658 (1978). Accordingly, the relief requested in plaintiff's motion to reconsider (document no. 255) is denied.

II. <u>Defendant Eno's Motion to Reconsider</u>.

In his motion to reconsider, Michael Eno asserts that the court erred in concluding that he was equitably estopped to assert the statute of limitations. Specifically, Eno alleges that plaintiff failed to put forth adequate evidence of threatening conduct on his part. Additionally, he claims that the filing of plaintiff's complaint approximately two years after the last of Eno's alleged threats was objectively unreasonable. The court disagrees and, for the reasons set forth in its order dated March 26, 1998, at 9-14, Eno's motion is denied to the extent that it seeks an order dismissing all plaintiff's claims against him as barred by the statute of limitations. Defendants Eno and Adams are, however, granted leave to resubmit any dispositive motions that were rendered moot by the court's order dated September 30, 1997.[1]

**Conclusion**

For the foregoing reasons, the relief requested in plaintiff's motion for reconsideration (document no. 255) is

---

[1] Because the court conditionally granted Eno's original motion to dismiss on statute of limitations grounds, it did not address the merits of Eno's other asserted grounds for judgment as a matter of law. In light of the fact that plaintiff's claims against both Eno and Adams have been reinstated, those defendants may resubmit their earlier dispositive motions, amending and/or supplementing them as they deem appropriate.

4

denied.  Similarly, the relief requested in defendant Eno's motion for reconsideration (document no. 257) is denied to the extent that it seeks dismissal of all pending claims against Eno as barred by the statute of limitations.  Defendants Eno and Adams are, however, granted leave to review or file additional dispositive motions.


     **SO ORDERED**


                                          _____

Steven J. McAuliffe
United States District Judge

August 26, 1998

cc:  Edward M. Van Dorn, Jr., Esq.
     Kenneth G. Bouchard, Esq.
     Brian Adams
     Thomas H. Trunzo, Jr., Esq.